IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BYRON LAWRENCE | : | CIVIL ACTION |
| v. | : | |
| JOSEPH J. PIAZZA, THE DISTRICT ATTORNEY FOR THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL FOR THE STATE OF PENNSYLVANIA | : | 07-4409 |

MEMORANDUM AND ORDER

NORMA L. SHAPIRO, J.                                                                   MARCH 9, 2009

This is a habeas corpus petition filed under 28 U.S.C. § 2254 by Byron Lawrence ("Lawrence"), presently incarcerated at the State Correctional Institution ("SCI") in Coal Township, Pennsylvania. On June 2, 2008, Magistrate Judge M. Faith Angell ("Judge Angell"), filed a Report and Recommendation ("R & R") that the petition be denied. For the reasons that follow, Judge Angell's R & R will be approved and adopted, Lawrence's objections will be overruled, and his petition will be denied.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Lawrence was convicted on April 28, 1993 of two counts of first degree murder, three counts of aggravated assault, three counts of conspiracy, two counts of possessing an instrument of crime, one count of participating in a corrupt organization, and one count of possessing cocaine with intent to deliver. On February 2, 1995, Lawrence was sentenced to life in prison followed by an additional five years for the murder convictions; Lawrence was also sentenced to a minimum of 50 years in total for his other convictions, to be served seriatim but concurrently with the life term for the first murder conviction. Mr. Lawrence filed a timely direct appeal

challenging the appropriateness of the admission of certain evidence at trial. The Superior Court rejected his claims on the merits and affirmed his conviction on September 10, 1996, and the Pennsylvania Supreme Court denied discretionary review on February 24, 1997.

Lawrence filed his first petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 et seq., on May 6, 1998,[1] pleading ineffective assistance of counsel, prosecutorial misconduct, and trial error. Lawrence's petition was pro se, but counsel was later appointed and he filed an amended petition on July 7, 1999. His amended petition was denied on April 26, 2000. Lawrence, on appeal, asserted ineffective assistance of both trial and appellate counsel. The Superior Court affirmed the denial of his petition on March 7, 2001, and the Pennsylvania Supreme Court denied discretionary review on August 29, 2001.

Lawrence filed a second PCRA petition on September 13, 2001; appointed counsel filed an amended petition on September 13, 2005. This petition was dismissed as untimely on March 23, 2006. Petitioner appealed to the Superior Court on three grounds: 1) both trial and PCRA counsel were ineffective in pursuing exculpatory evidence; 2) the time bar was inapplicable because he was actually innocent; and 3) his conviction was procured by fraud and his PCRA conviction must be considered because of equitable considerations. The Superior Court rejected all three grounds and affirmed the denial of Lawrence's second PCRA petition on March 12, 2007; the Pennsylvania Supreme Court again denied discretionary review on September 19, 2007.

Petitioner signed and dated the present petition for habeas relief under 28 U.S.C. § 2254

---

[1] Lawrence had filed a federal habeas petition on October 15, 1997; it was dismissed without prejudice on July 14, 1998, for failure to exhaust state court remedies.

-2-

on October 18, 2007. The petition alleges violations of due process and equal protection under the 14th Amendment, violations of the right to confront witnesses, ineffective assistance of counsel, errors in trial, appeal, and post-conviction proceedings, and actual innocence. The District Attorney of Philadelphia County responded that the petition was time-barred.

## II. DISCUSSION

This court has jurisdiction over a petition for writ of habeas corpus. 28 U.S.C. § 2241(a). A district court reviews <u>de novo</u> those portions of a magistrate judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C).

A habeas petition must be filed within one year of the date on which the petitioner's judgment of conviction became final by the conclusion of direct review or the expiration of the time seeking such review. See 28 U.S.C. §2244(d)(1).[2] A petitioner's state court petition for post-judgment relief and subsequent appeals toll the limitations period. See 28 U.S.C. §2244(d)(2). Untimely filed state-court petitions for post-judgment relief, however, do not toll the limitations period. <u>Pace v. DiGuglielmo</u>, 125 S.Ct.1807, 1812, 1814 (2005). The Pennsylvania Supreme Court denied review of Lawrence's first PCRA petition on August 29, 2001, his second petition was rejected as untimely, and he did not file the present petition until October 18, 2007.

Lawrence admits his petition is statutorily time-barred but objects to the R & R's finding that his petition should not be equitably tolled. In his habeas petition, Lawrence argued that

---

[2] 28 U.S.C. § 2244(d)(1) lists three other moments at which the statute of limitations could begin to run in addition to the conclusion of direct review. Mr. Lawrence does not allege, and there is nothing in the pleadings before this court to suggest, that the start date for the limitations period should be permitted to run from a date later than the date on which Petitioner's conviction became final.

"extraordinary circumstances, unwilling & uncooperative government offices, [and] uninterested or unqualified assistance" entitled him to equitable tolling. He alleged: 1) that "any delay in filing this matter [i.e. the present petition] is a direct result of waiting" for rulings from state courts in order to satisfy the exhaustion requirement; and 2) that state courts, at trial and on both direct and post-conviction review, placed " insurmountable obstacles" and employed "unreasonable mis-applications of just law to keep in the dark what must be given light, and that is the ACTUAL INNOCENCE of this petitioner. . . ." (Petition for Habeas Corpus, Memorandum of Law (paper no. 10, pt. 2), pp. 19-20.) In his objections to the R & R, Lawrence reiterates his assertion that extraordinary circumstances entitle him to equitable tolling, and that his case is a "capital case" where lenient tolling should apply.

A habeas petitioner seeking equitable tolling must establish: a) that he has pursued his rights diligently; and b) that "extraordinary circumstances stood in his way." McAleese v. Brennan, 483 F.3d 206, 219 (3rd Cir. 2007). In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to be "extraordinary" circumstances permitting equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3rd Cir. 2001). Neither the United States Supreme Court nor the Third Circuit has held that the statute of limitations for Habeas petitions may be equitably tolled for actual innocence. Horning v. Lavan, 197 Fed.Appx. 90, 93 (3rd Cir. 2006) ("[W]e have yet to hold that the . . . statute of limitations [for Habeas petitions] can be equitably tolled on the basis of actual innocence."). We decline to do so in the absence of a holding from the Third Circuit.

The R & R points out that Lawrence's petition for habeas relief based on actual innocence would likely not have been granted, even had he filed timely. R & R, p. 14. Lawrence asserts

that exculpatory evidence raised in grand jury proceedings was not admitted or otherwise pursued or verified at trial, and that he himself was not aware of this grand jury testimony until after his conviction. (Petition for Habeas Corpus (paper no. 10, pt. 1), p. 8.) Lawrence has cited this "exculpatory evidence" in prior state court proceedings as proof both of his actual innocence and ineffective assistance of counsel. R & R, p. 13.

The Pennsylvania Superior Court, in its denial of Lawrence's first PCRA petition, stated that the "trial transcript is replete with testimony that establishes Lawrence's connection to the crimes as charged" and that any ineffectiveness of counsel with regards to the grand jury testimony could not have "so undermined the truth-determining process so that no reliable adjudication of guilt or innocence could have taken place." (Commonwealth's Response to Petition for Habeas Corpus, Exhibit B (Superior Court Opinion, March 7, 2001), p. 3-4); 42 Pa. C.S. § 9543(a)(2)(ii).

Lawrence argues that his is a "capital case," and that he has been the victim of enough attorney error and miscalculation to amount to extraordinary circumstances justifying equitable tolling. Any relaxed equitable tolling in "capital cases" would only apply when the death penalty has actually been imposed, see Fahy, 240 F.3d, at 244-45., but Lawrence is serving a life term.

Lawrence's allegations of ineffective assistance of counsel in prior trial, appellate, and post-conviction proceedings, and actual innocence, even if all correct, are not extraordinary enough to justify equitable tolling. Lawrence does not suggest any other "extraordinary circumstances" justifying equitable tolling. His objection to the R & R will therefore be overruled and his petition denied.

In connection with his habeas petition, Lawrence filed a Motion to Obtain and Admit

-5-

Prior Testimony (paper no. 9), pursuant to Fed. R. Evid. 804(b)(1) and 807, to have the court obtain the grand jury testimony he claims proves his innocence. In light of the court's holding that actual innocence does not equitably toll the time limit for filing a habeas petition under 28 U.S.C. § 2254, the court will deny this motion as moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BYRON LAWRENCE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSEPH J. PIAZZA, et al. | : | 07-4409 |

## ORDER

AND NOW, this 9th day of March, 2009, upon consideration of Magistrate Judge Angell's Report and Recommendation ("R & R"), petitioner's Byron Lawrence's objection and motion to obtain and admit prior testimony, and defendants' response to petitioner's objection, it is **ORDERED**:

1. The Magistrate Judge's R & R is **APPROVED AND ADOPTED**.

2. Lawrence's objection to the R & R is **OVERRULED**.

3. Lawrence's petition for habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

4. Lawrence's motion to obtain and admit prior testimony under Federal Rules of Evidence 804(b)(1) and 807 is **DENIED AS MOOT**.

5. Lawrence has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's procedural and substantive disposition of his claims. Consequently, a certificate of appealability is **DENIED**.

/s/ Norma L. Shapiro, J.